IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **MARLENE MANLING HSIEH,** | |
| Plaintiff, | No. 3:20-cv-01758-MO |
| v. | OPINION AND ORDER |
| **MULTNOMAH COUNTY DEPARTMENT OF COMMUNITY SERVICES; MULTNOMAH COUNTY ANIMAL SERVICES; CHRISTIAN HOLDEN; JEANETTE FARRELL; JACKIE ROSE; and KIM PEOPLES,** | |
| Defendants. | |

**MOSMAN, J.,**

Defendants (collectively, "Multnomah County") move to dismiss Plaintiff Marlene Manling Hsieh's 42 U.S.C. § 1983 action for lack of subject-matter jurisdiction. Specifically, Multnomah County argues that both *Younger* abstention and the *Rooker–Feldman* doctrine require dismissal. For the reasons discussed below, I DENY Defendants' Motion to Dismiss [ECF 15]. The *Rooker–Feldman* doctrine is inapplicable here. And although *Younger* abstention is appropriate, a stay pending resolution of proceedings in state court, not dismissal, is required. Accordingly, I STAY Ms. Hsieh's § 1983 action for monetary damages pending resolution of her appeal before the Oregon Court of Appeals.

1 – OPINION AND ORDER

**BACKGROUND**

Ms. Hsieh alleges that Multnomah County violated her constitutional rights under the Fourth and Fourteenth Amendments. Compl. [ECF 1] at 3. Specifically, Ms. Hsieh alleges that county employees unlawfully seized her cat, Muzi, and wrongfully accused her of animal neglect. *Id.* at 4–5. She requests the return of Muzi and $8,800,000. *Id.* at 5.

In a separate action in state court, Ms. Hsieh was found guilty of first-degree animal neglect. David N. Blankfeld Decl. [ECF 16] Ex. A. She was sentenced to one year of probation and 40 hours of community service. *Id.* Additionally, the state court ordered Ms. Hsieh to forfeit Muzi and barred her from possessing any cats for five years. *Id.* Ms. Hsieh has appealed, and the matter is currently pending in the Oregon Court of Appeals. David N. Blankfeld Decl. [ECF 16] Ex. B.

Defendants argue that I should abstain from exercising jurisdiction due to the ongoing proceedings in state court and have moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).

**DISCUSSION**

Defendants argue that both *Younger* abstention and the *Rooker–Feldman* doctrine require dismissal of Ms. Hsieh's claims. I discuss each in turn.

**I.    *Younger* Abstention**

"*Younger* abstention is grounded in a 'longstanding public policy against federal court interference with state court proceedings.'" *Herrera v. City of Palmdale*, 918 F.3d 1037, 1043 (9th Cir. 2019) (quoting *Younger v. Harris*, 401 U.S. 37, 43 (1971)). Abstention is appropriate if "(1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional

challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (alterations and internal quotation marks omitted). "When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013).

### A.   Application of Factors

*Younger* abstention is appropriate here. The first three factors are easily satisfied. First, Ms. Hsieh acknowledges that her criminal proceedings are pending in the Oregon Court of Appeals. Pl.'s Resp. [ECF 17] at 1–2. Second, this case implicates the important state interest of enforcing state laws related to animal cruelty. Third, Ms. Hsieh admits that she has raised her constitutional concerns in her pending appeal. Pl.'s Resp. [ECF 17] at 2 ("I already raised this in my criminal appeal, that **the state violated human rights in the name of protecting animal rights**."). There is no reason to believe the Oregon Court of Appeals is an inadequate forum for her constitutional challenges.

Analysis of the fourth factor—whether the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding—varies with the relief sought. Ms. Hsieh requests the return of her cat and monetary damages. Compl. [ECF 1] at 5. As to the former request, the practical effect of granting such relief would be to enjoin the ongoing state proceeding, in which the trial judge ordered Ms. Hsieh to "forfeit any rights to Muzi (the cat)." Blankfeld Decl. [ECF 16] Ex. A. Thus, *Younger* abstention is appropriate as to this form of relief.

As to the latter request, "*Younger* principles may apply to claims for damages under § 1983." *Gilbertson v. Albright*, 381 F.3d 965, 979 (9th Cir. 2004) (en banc). To resolve such

3 – OPINION AND ORDER

claims, the district court often first decides whether a plaintiff's constitutional rights have been violated. *Id.* Resolving constitutional issues before the completion of parallel state criminal proceedings "would frustrate the state's interest in administering its judicial system, cast a negative light on the state court's ability to enforce constitutional principles, and put the federal court in the position of prematurely or unnecessarily deciding a question of federal constitutional law." *Id.* at 980.

Here, Ms. Hsieh's specific allegation that the county wrongfully accused her of animal neglect is necessarily implicated in her appeal of her conviction for that very crime. Her allegation that the county unlawfully seized her cat implicates the trial judge's order, currently on appeal, that Ms. Hsieh must forfeit any rights to Muzi. And as noted above, Ms. Hsieh has raised her constitutional concerns in her pending appeal. Thus, the issues raised in Ms. Hsieh's complaint in federal court "go to the heart" of her opposition to the county's actions in the state proceeding, "such that a federal court's decision on the merits . . . would have the same practical effect on the state proceeding as an injunction." *See id.* at 982. *Younger* abstention is appropriate.

### B.     Remedy

Having decided that *Younger* abstention is appropriate as to both requested forms of relief, I must now decide whether to dismiss the case, as Multnomah County requests. "[W]hen a court abstains under *Younger*, claims for injunctive and declaratory relief are typically dismissed." *Herrera*, 918 F.3d at 1042. But "when a district court abstains from considering a *damages* claim under *Younger*, it must *stay*—rather than dismiss—the damages action until state proceedings conclude." *Id.*

Thus, Ms. Hsieh's request for the return of Muzi should be dismissed, and her request for monetary damages should be stayed. Ms. Hsieh acknowledges that this is the correct outcome

and has accepted that, given her pending state appeal, the return of Muzi is not an appropriate form of relief. Pl.'s Resp. [ECF 17] at 4. Ms. Hsieh has further acknowledged that a stay of this civil action pending resolution of the state appeal is proper. *Id.*

In sum, I find *Younger* abstention appropriate here, and I STAY Ms. Hsieh's civil action for monetary damages pending resolution of her appeal before the Oregon Court of Appeals.

## II.     Rooker–Feldman Doctrine

The *Rooker–Feldman* doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers inviting district court review and rejection of the state court's judgments." *Skinner v. Switzer*, 562 U.S. 521, 532 (2011) (alterations omitted) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). "If a federal plaintiff presents an independent claim, it is not an impediment to the exercise of federal jurisdiction that the same or a related question was earlier aired between the parties in state court." *Id.* (alterations and internal quotation marks omitted).

Multnomah County argues that the *Rooker–Feldman* doctrine applies here because Ms. Hsieh requests "identical relief" in this case and in her state criminal appeal. Defs.' Mot. to Dismiss [ECF 15] at 5. This is incorrect. Here, Ms. Hsieh brings a § 1983 claim in which she seeks $8,800,000. This claim is independent from her appeal in state court of her criminal conviction. Accordingly, the *Rooker–Feldman* doctrine is inapplicable.

//
//
//
//
//

## CONCLUSION

I DENY Defendants' Motion to Dismiss [ECF 15]. Ms. Hsieh's § 1983 action for monetary damages is STAYED pending resolution of her appeal before the Oregon Court of Appeals.

IT IS SO ORDERED.

DATED this  5th  day of January, 2021.

*Michael W. Mosman*
MICHAEL W. MOSMAN
United States District Judge